IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUWLUS A. MUHAMMAD,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 13-337 Erie |
| v. | )<br>) | Magistrate Judge Susan Paradise Baxter |
| MARIROSA LAMAS, et al.,<br>    Respondents. | )<br>) | |

## OPINION[1]

Buwlus A. Muhammad has filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. He is challenging a federal sentence that he will start serving once he is released from the state sentence that he presently is serving. Federal district courts have a pre-service duty to screen habeas petitions. 28 U.S.C. § 2243. See also Rule 4 of the Rules Governing Section 2254 Cases (which also applies to § 2241 cases). For the reasons set forth below, the petition is summarily dismissed without service because this Court lacks jurisdiction.

### I.

**A.  Relevant Background**

The U.S. Court of Appeals for the Third Circuit has summarized the background of Muhammad's federal criminal case as follows:

> On March 2, 2004, Muhammad appeared in traffic court in Erie, Pennsylvania where he was found guilty of driving without a license. The following day, he was scheduled to appear in state court on eleven separate charges involving driving with a suspended license. Muhammad's appearance was cancelled, however, because the courthouse closed after five envelopes containing a solid, white powder arrived in the mail. The letters were addressed to three Common Pleas Court Judges and the Erie County District Attorney's Office. Additionally, Erie's City Hall closed after an envelope was delivered to the mayor

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), Muhammad has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

on the same day. At the time, the substance was believed to be anthrax or some harmful substance. Chemical analysis later revealed that the substance was only baking power.

United States v. Muhammad, 336 F.App'x 188, 190 (3d Cir. 2009).

On July 13, 2005, an indictment lodged in United States v. Muhammad, Docket No. 1:05-cr-35 (W.D. Pa.), charged Muhammad with five counts of violating 18 U.S.C. § 876 for mailing communications "containing a threat to injure the person of the addressee or of another, specifically an envelope containing a white powder substance" to the three Common Pleas Court Judges (Counts One, Two, and Five); "Mayor R. Filliphy" (addressed to the Mayor's Office in Erie, Pennsylvania) (Count Three); and, "Atty. Brad Folk" (addressed to the Eire County District Attorney's Office) (Count Four). See ECF No. 2 in United States v. Muhammad, Docket No. 1:05-cr-35. At the time, Richard E. Filippi was the Mayor of the City of Erie, and Bradley H. Foulk was the District Attorney.

On August 20, 2007, a jury convicted Muhammad of all five counts. The Honorable Maurice B. Cohill presided over his case. On December 5, 2007, Judge Cohill sentenced Muhammad to a term of imprisonment of 175 months, to be served consecutive to the term of imprisonment imposed upon him by the Court of Common Pleas of Erie County at Commonwealth v. Muhammad, Docket No. CP-25-CR-232-2007.[2]

In his direct appeal to the U.S. Court of Appeals to the Third Circuit, Muhammad raised the following claims:

1. Whether the district court abused its discretion in denying his motion for a mistrial in response to the conduct of one juror;

2. Whether his indictment and conviction violated the Ex Post Facto Clause or Due Process Clause;

3. Whether the prosecuting attorney engaged in misconduct before the grand jury;

---

[2] Muhammad is currently serving his state sentence. According to the publically available records at SCI-Benner, the state institution where Muhammad is confined, Muhammad will reach his minimum sentence date in January 2014 and his maximum state sentence date is March 17, 2025. When he is released from his state sentence, it will be to a federal detainer.

2

4. There was insufficient evidence to establish that he knowingly deposited the threatening communication;

5. There was insufficient evidence to prove that a threat was made;

6. The prosecuting attorney engaged in misconduct in his closing argument;

7. The judge engaged in misconduct that prejudiced Muhammad;

8. The district court abused its discretion when it permitted expert testimony;

9. The district court abused its discretion when it permitted the government to play a video for the jury;

10. The district court erred in denying Muhammad's motion to suppress certain evidence; and,

11. The term of imprisonment was excessive.

Muhammad, 336 F.App'x at 189. On June 25, 2009, the Third Circuit Court issued a decision in which it denied each of Muhammad's claims on the merits and affirmed his judgment of sentence. Id. at 189-93.

In 2010, Muhammad filed several motions in which he sought to have his federal judgment of sentence vacated pursuant to 28 U.S.C. § 2255. He raised the following claims:

1. His sentence violated a substantial right under the Due Process Clause and the Ex Post Facto Clause of the United States Constitution because an earlier version of the Sentencing Guidelines should have been used;

2. His sentence improperly constitutes double jeopardy due to an "impermissible multiplicity under the same conduct type of crime," (his convictions should have been grouped rather than considered separately);

3. He had a First Amendment right to express his civil disobedience through the mailings;

4. Violation of rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution depriving him of a fair and impartial jury trial because he was not permitted to properly pursue a defense theory of duress;

5. Violation of a substantial right to Due Process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution because the victim in Count 3 testified that she did not perceive the mailing as a threat;

6. Prosecutorial misconduct through pre-indictment delay;

3

7. Lack of subject matter jurisdiction.

See ECF No. 187 in <u>United States v. Muhammad</u>, Docket No. 1:05-cr-35.

On August 8, 2011, Judge Cohill issued an Opinion and Order in which he denied each of Muhammad's claims because they were procedurally defaulted. <u>Id.</u> at 4-6. On December 20, 2011, the Third Circuit Court denied Muhammad's request for a certificate of appealability, holding:

> The foregoing request for a certificate of appealability is denied because the appellant has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Jurists of reason would not debate that Appellant's claims are either waived and procedurally defaulted, or have already been rejected on direct appeal and cannot be relitigated under 28 U.S.C. § 2255. <u>See</u> <u>Slack v McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Gov't of the Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1075 (3d Cir. 1985).

See ECF No. 197 in <u>United States v. Muhammad</u>, Docket No. 1:05-cr-35.

Muhammad subsequently filed several motions in his federal criminal case under either 28 U.S.C. § 2255 or Rule 60(b) of the Federal Rules of Civil Procedure in which he sought to have his judgment of sentence vacated. Judge Cohill denied each of these motions. Most recently, on or around August 21, 2013, Muhammad filed yet another § 2255 motion. See ECF No. 206 in <u>United States v. Muhammad</u>, Docket No. 1:05-cr-35. On September 11, 2013, Judge Cohill issued a Memorandum Opinion and Order in which he dismissed the motion because it was an unauthorized successive motion. See ECF No. 207 in <u>United States v. Muhammad</u>, Docket No. 1:05-cr-35. On December 27, 2013, the Third Circuit Court denied Muhammad's request for a certificate of appealability, holding:

> The foregoing request for a certificate of appealability is denied. Jurists of reason could not debate the correctness of the District Court's denial of Appellant's motion as an unauthorized second or successive habeas petition. See [2]8 U.S.C. § 2255(h).

See ECF No. 211 in <u>United States v. Muhammad</u>, Docket No. 1:05-cr-35.

Having had no success challenging his federal judgment of sentence under 28 U.S.C. § 2255, Muhammad now seeks relief through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [ECF Nos. 1]. He raises the following claims:

> "Ground One: Fourth Amendment unlawful arrest and seizure, and the indictment and arrest warrant was without lawful probable cause, as to Counts Three and Four."
>
> "Ground Two: Fifth Amendment defective indictment, and deprivation of life, liberty or property, without due process of law."

[ECF No. 1 at 4, 6]. In his Memorandum in Support, he elaborates:

> The claim Muhammad seeks to present in his 2241 motion is that the July 13, 2005 indictment was defected, for it failed to define a federal crime, at Counts Three and Four, as charged under statute 18 U.S.C. § 876, and the evidence was insufficient to sustain the verdict, based on the fact [that] the addressees in this particular case did not constitute under § 876(c) natural persons or a natural entity.

[ECF No. 2 at 13].

Muhammad acknowledges that 28 U.S.C. § 2255 is the statute that confers jurisdiction upon a federal district court to hear a challenge to a prisoner's post-conviction challenge to his federal judgment of sentence, but argues that his is one of those rare cases in which he can pursue his request for relief in a § 2241 petition. Muhammad's contention has no merit. Therefore, this Court will not serve it and instead summarily dismisses it for lack of jurisdiction.

## B.    Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 535 (3d Cir. 2012) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." <u>Id.</u> "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the

ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

On very rare occasions it is possible for federal prisoners to attack their convictions pursuant to § 2241, as opposed to § 2255. Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking a federally-imposed judgment of sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

The Third Circuit Court has found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. It has repeatedly held that "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the

6

sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam) (citing Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). It has stressed that it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

In the Third Circuit, the seminal case on the application of § 2255's "savings clause" is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated a § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil filed an application with the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied his request because he did not come within the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").³ However, the court concluded that Dorsainvil had established the inadequacy of § 2255 so as to bring his claim in a § 2241 petition:

---

³ Dorsainvil was barred from filing a second or successive § 2255 motion because he could not satisfy AEDPA's requirements for such a motion. Specifically, his application was not based on "newly discovered evidence," and the Supreme Court's decision in Bailey, which he was claiming decriminalized the conduct for which he had been convicted, did not

7

Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because he seeks to challenge his conviction on a second § 2255 petition based on an intervening decision by the Supreme Court. A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51.

---

constitute "a new rule of *constitutional law* . . . that was previously unavailable." Dorsainvil, 119 F.3d at 247-48 (quoting 2 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

Subsequent to its decision in Dorsainvil, the Third Circuit Court has held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, an intervening U.S. Supreme Court decision, or Third Circuit precedent construing that intervening Supreme Court decision, rendered non-criminal the acts for which the prisoner was convicted; and, (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule set forth in the new decision is not one of constitutional law. See, e.g., United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013); Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Muhammad contends that his case falls within § 2255's savings clause because he is actually innocent of the crimes for which he was convicted at Counts Three and Four. In support of this argument, he relies upon two cases: United States v. Bly, 510 F. 453 (4th Cir. 2007) and United States v. Havelock, 664 F.3d 1284 (9th Cir. 2012). Neither case advances his argument because they obviously are not an intervening Supreme Court decision, or Third Circuit Court precedent construing an intervening Supreme Court decision. See, e.g., Tyler, 732 F.3d at 246 (citing Dorsainvil, 119 F.3d at 252). Moreover, nothing in Bly, in which the U.S. Court of Appeals for the Fourth Circuit rejected the defendant's contention that his charge of violating 18 U.S.C. § 876(b) was defective because the University of Virginia is not a "person" subject to being extorted under that statute, calls into question the validity of Muhammad's convictions. In addition, Bly was issued before Muhammad's direct appeal, which is yet another reason why he cannot rely upon it to support his argument that his case falls within § 2255's savings clause. Dorsainvil, 119 F.3d at 250-51. See, e.g., Trenkler, 83 F.App'x at 470. As for Havelock, in that case the U.S. Court of Appeals for the Ninth Circuit Court held that 18 U.S.C. § 876(c) "refers exclusively to an individual, or to a natural, person. Therefore, the statute requires that the threatening communications be addressed to a natural person." 664 F.3d at 1286. The court accepted the

defendant's argument that because the packets that he sent were addressed to newspapers and websites, the indictment failed to allege facts sufficient to constitute an offense. Muhammad argues that "Mayor R. Filliphy," and "Atty. Brad Folk" are "fictitious character[s], non-natural person[s]," and, therefore, his convictions at Counts Three and Four are invalid. [ECF No. 10; see id. at 9-18]. Muhammad's argument is completely meritless.

## II.

Based upon all of the foregoing, this Court lacks jurisdiction to consider Muhammad's challenge to his federal judgment of sentence under 28 U.S.C. § 2241. Therefore, his § 2241 petition for a writ of habeas corpus is summarily dismissed.[4] An appropriate Order follows.

|  |  |
|---|---|
| Dated: January 28, 2014 | /s/ Susan Paradise Baxter<br>SUSAN PARADISE BAXTER<br>United States Magistrate Judge |

---

[4] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BUWLUS A MUHAMMAD, )
    Petitioner, ) Civil Action No. 13-337 Erie
     )
v. )
     ) Magistrate Judge Susan Paradise Baxter
MARIROSA LAMAS, et al., )
    Respondents. )

## ORDER

AND NOW, this 28th day of January, 2014;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is summarily DISMISSED. The Clerk of Courts is directed to close this case.

                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge